IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARK PARMER | § | |
| v. | § | CIVIL ACTION NO.  6:11cv311 |
| TRAVELERS INDEMNITY COMPANY | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT

The above-styled lawsuit was filed by Mark Parmer, proceeding *pro se*, in the 114th Judicial District Court of Smith County, Texas, on May 17, 2011.  The case was removed and filed in this Court on June 16, 2011.  On October 24, 2011, the case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636.  Defendant Travelers Indemnity Company ("Travelers") filed a Motion for Summary (document #23).  For the reasons assigned below, the undersigned finds that the motion should be granted.

*Background*

Plaintiff states in his complaint that he was employed by Trane/Ingersoll Rand and suffered an on-the-job injury on May 20, 2010.  Plaintiff asserts that he sustained shoulder injuries when he tripped on a conveyor belt and fell.  Plaintiff complains that Travelers denied workers' compensation insurance benefits to him.  Plaintiff argues that Travelers failed to properly handle, investigate and process his claim and that he was denied benefits as a result of Traveler's fraud, misrepresentation

and improper conduct. Plaintiff alleges violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing and bad faith.

Travelers filed a motion for summary judgment seeking judgment in its favor on all of Plaintiff's claims. Travelers' competent summary judgment evidence shows that Travelers denied Plaintiff's claim on June 28, 2010. Travelers determined that Plaintiff suffered non-work related shoulder injuries in December 2009, prior to his on-the-job accident, and no medical evidence was presented showing new injuries or damage. After a Benefit Review Conference failed to result in an agreement, Plaintiff's claim proceeded to a contested case hearing on January 12, 2011. The Hearing Officer at Plaintiff's Contested Case Hearing concluded that Plaintiff sustained bumps and bruises in the fall at work, but he did not suffer additional harm, damage or injury to his shoulders or "accelerate the disease process of his preexisting bilateral shoulder injuries." As a result, the Hearing Officer determined that Plaintiff did not have a disability stemming from the May 20, 2010 on-the-job accident. Plaintiff filed an appeal of the Hearing Officer's decision. On April 8, 2011, the Appeals Panel issued a notice of its decision rendering the Hearing Officer's Decision and Order final. This lawsuit followed on May 17, 2011, in the 114th Judicial District Court of Smith County. Travelers removed the case to federal court asserting diversity jurisdiction. Plaintiff filed an Amended Complaint on August 22, 2011, asserting the same claims for relief set forth in the original petition.

In its motion for summary judgment (document [#23](#23)), Travelers asserts that Plaintiff's bad faith claim is barred because he has not successfully received a ruling in his favor awarding benefits from the Texas Department of Insurance Division of Workers' Compensation. Further, Travelers submits that Plaintiff does not have a claim for breach of the duty of good faith and fair dealing

because the Workers' Compensation Act is the exclusive remedy for alleged insurance code violations, Plaintiff does not have an extra-contractual claim when Travelers followed the decision of the Hearing Officer and Appeals Panel, and Plaintiff cannot recover damages for a breach of the duty of good faith and fair dealing because he has not shown any damages separate and apart from the denial of policy benefits.

Plaintiff filed a response to the motion for summary judgment. Plaintiff asserts that the motion for summary judgment should be denied. He submits that Travelers participated in a conspiracy to defraud him. Plaintiff complains that the Hearing Officer's decision is in error and unjust. Plaintiff asserts that he did not miss any work as a result of his prior shoulder impingement and that his current disability is the result of his on-the-job accident.

*Summary Judgment Standard*

Rule 56(a) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the

nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analysis*

Travelers first argues that Plaintiff has not successfully exhausted his administrative remedies. In Texas, the Workers' Compensation Act vests the power to award compensation benefits solely in the Texas Department of Insurance – Division of Workers' Compensation ("the Division"). *Saenz v. Fidelity & Guarantee Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex.1996). A party seeking damages for a workers' compensation insurance carrier's alleged delay or denial of benefits in bad faith must successfully exhaust his administrative remedies at the Division before filing suit. *American Motorists Insurance Co. v. Fodge*, 63 S.W.3d 801, 804-05 (Tex.2001). The party seeking damages for a workers' compensation insurance carrier's alleged delay or denial of benefits must obtain a final adjudication that benefits are due before filing suit asserting extra-contractual claims. *Id.* ("[J]ust as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due."). A determination as to whether any particular claim is within the exclusive jurisdiction of the Division depends on whether the claim is based on an alleged delay or denial of a workers' compensation benefit. *Pickett v. Texas Mutual Insurance Co.*, 239 S.W.3d 826, 836 (Tex.App.–Austin 2007).

In this case, Plaintiff's claim is wholly based on Travelers' alleged denial of workers' compensation benefits. Plaintiff has not alleged or shown that he successfully exhausted his administrative remedies and obtained a ruling through the Division that benefits are due. On the contrary, Defendant's summary judgment evidence shows that Plaintiff's claim was denied by the Hearing Officer and upheld by the Appeals Panel. Plaintiff did not seek judicial review in state court of the Appeals Panel's decision. Instead, Plaintiff filed this lawsuit asserting extra-contractual

claims. Plaintiffs' claims depend upon a finding by the Division that Travelers improperly denied workers' compensation benefits. Plaintiff did not exhaust his administrative remedies or obtain a ruling that benefits are due. As a result, this court lacks jurisdiction to consider Plaintiffs' extra-contractual claims and Travelers is entitled to judgment as a matter of law.

Even if Plaintiffs' claims had been successfully exhausted, Travelers argues that Plaintiff cannot assert a claim for a violation of the Texas Insurance Code. Recently, in *Texas Mutual Insurance Co. v. Ruttiger*, __ S.W.3d __, 2011 WL 3796353 (Tex.2011), the Supreme Court of Texas held that a claimant does not have a claim against a workers' compensation insurer pursuant to the Insurance Code, other than a claim for misrepresenting policy provisions. Indeed, the court further opined that legislative revisions in workers' compensation laws have obviated the judiciary's interest in permitting a common law breach of the duty of good faith and fair dealing claim.[1] *Id*. at slip op. 23.

Travelers further argues that Plaintiff does not have a claim when the insurer's decision is in conformance with the Division's finding. In this case, the final decision of the Division was that Plaintiff's only compensable workers' compensation injury was for bumps and bruises and not a shoulder injury. To succeed on a claim for breach of the duty of good faith and fair dealing, Texas law requires a claimant to show the absence of a reasonable basis for denying or delaying payment on the claim. *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 167 (Tex.1987). Plaintiff has not shown that Travelers had no reasonable basis for denying his claim.

---

[1] The court suggests that the common law cause of action recognized in *Aranda v. Insurance Company of North America,* 748 S.W.2d 210 (Tex.1988) should no longer be allowed in the workers' compensation setting. *Id.* The claimant's breach of the duty of good faith and fair dealing claim in that case, however, was not considered by the appellate court and the issue was remanded to the appellate court for consideration.

On the contrary, Travelers decision was in line with the Division's determination that Plaintiff did not have a compensable shoulder injury.

Having carefully considered the evidence, the Court finds there are no genuine issues of material fact and Travelers is entitled to judgment as a matter of law.  It is accordingly

**ORDERED** that the Motion for Summary Judgment (document #23) is **GRANTED**.  The complaint is **DISMISSED** with prejudice.  Any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **31** day of **January, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE